IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shaunte Maurice Lane, ) | |
| ) | Criminal No.: 4:05-cr-769-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Pending before the court are: 1) Petitioner's [Docket Entry #158] motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255; and 2) Respondent's [Docket Entry #165] motion for summary judgment and response to Petitioner's § 2255 motion.

**Factual and Procedural Background**

The Petitioner, Shaunte Maurice Lane, is currently incarcerated at USP Coleman II in Coleman, Florida and is proceeding *pro se*. On July 26, 2005, the petitioner was indicted on two counts in a six-count indictment which named four co-defendants. Count 1 of the indictment alleged that on or about May 1, 2005, the petitioner, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting commerce firearms and ammunition which had been shipped in interstate commerce, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e). Count 6 of the indictment alleged that on or about April 23, 2005 the petitioner knowingly used and carried a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On November 10, 2005, Petitioner pleaded guilty to Count 6 of the indictment pursuant to a plea agreement.

1

On January 23, 2006, the court sentenced the Petitioner to a term of imprisonment of 262 months, consecutive to any other sentence. On February 6, 2006, Judgment was entered against the petitioner on Count 6 of the indictment. Count 1 of the indictment was dismissed on the government's motion. No appeal was filed.

On January 30, 2007, Petitioner filed a § 2255 motion to vacate, set aside, or correct an illegal sentence alleging ineffective assistance of counsel and denial of right to appeal. On March 14, 2007, Respondent filed a motion for summary judgment and response to Petitioner's § 2255 motion. A *Roseboro* Order was entered on March 16, 2007. On April 23, 2007, Petitioner filed a response to the motion for summary judgment.

## **Discussion**

Petitioner's § 2255 motion is based upon the alleged ineffective assistance of counsel of Assistant Federal Public Defender William F. Nettles. Petitioner alleges that his counsel failed to investigate the underlying charge which resulted in his being sentenced using the wrong underlying crime; that counsel failed to take the position that his criminal history points were incorrect; that counsel failed to object to prosecutorial misconduct; that counsel failed to object to prosecution of his case on double jeopardy grounds; and that counsel failed to take the position that the government's agreement to dismiss Count 1 of the indictment should have resulted in dismissal of the other count. Finally, Petitioner alleges that after sentencing Mr. Nettles refused to appeal the sentence despite his request to do so.

With regard to Petitioner's ineffective assistance of counsel claim based on the allegation that the Petitioner requested that Mr. Nettles file a direct appeal (**Ground One**), there is conflicting sworn testimony as to whether the Petitioner made such a request. Petitioner's § 2255 motion, which was

signed under penalty of perjury, alleges that the Petitioner "requested his counsel to file a direct appeal. Counsel did not file a direct appeal." Submitted with Respondent's motion for summary judgment is an affidavit from Mr. Nettles. Mr. Nettles's affidavit states that while he has no independent recollection of advising the Petitioner of his right to appeal, he routinely discusses the issue of appeal with his clients. Mr. Nettles's affidavit also states that the Petitioner never advised him that he wanted to appeal and that he sent him a letter on February 7, 2006, confirming that petitioner did not wish to appeal. This letter has not been made part of the record. The court is left with conflicting sworn evidence reducing the issue to one of credibility.

"[W]hen counsel fails to file a requested appeal, a defendant is entitled to 'a new' appeal without showing that his appeal would likely have had merit." *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007), *citing Peguero v. United States*, 526 U.S. 23, 28 (1999). *See also United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). If the defendant does not request his attorney to file an appeal, the attorney may still be required to file a timely appeal after appropriate consultation with his client. *Poindexter*, 492 F.3d at 271, *citing Roe v. Flores-Ortega*, 528 U.S. 470 (2000). "[A]n attorney must consult with a defendant when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing." *Poindexter,* 492 F.3d at 268.

Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory. 28 U.S.C. § 2255. The Fourth Circuit has stated that "when the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive." *United States v. Banks*, No. 97-7878, 1998 WL 808408, at *2 (4th Cir. Nov. 23, 1998) (citing *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970)). In *Banks*, the Fourth Circuit remanded for an

3

evidentiary hearing stating that "because the sworn evidence [as to whether Banks requested that his counsel file a notice of appeal] is conflicting, the district court should have conducted a hearing before denying this aspect of Banks's § 2255 motion." *Banks*, 1998 WL 808408, at *3; *see also United States v. Greer*, No. 05-7401, 2007 WL 542744, at *1 (4th Cir. Feb. 22, 2007) (vacating and remanding for an evidentiary hearing "because the record did not conclusively show that Greer's counsel was not ineffective for not filing a notice of appeal"). "[I]f the parties produce evidence disputing material facts with respect to non-frivolous habeas allegations, a court must hold an evidentiary hearing on a habeas claim." *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004) (emphasis added). In this case, the parties have submitted conflicting sworn testimony on a material factual issue involving a non-frivolous habeas allegation. Accordingly, an evidentiary hearing on this issue is required to resolve this dispute.[1] Because there is a genuine issue of material fact as to whether the Petitioner requested an appeal, summary judgment on this issue is denied.

Additionally, because an evidentiary hearing is required to resolve the dispute of whether the Petitioner requested that an appeal be filed, the court must appoint counsel for the Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings. *See United States v. Phillips*, No. 97-7468, 1998 WL 48561, at *1 (4th Cir. Feb. 9, 1998) (stating that there is a statutory right to appointed counsel in a § 2255 proceeding if an evidentiary hearing is required).

All other issues are held in abeyance until after the evidentiary hearing is held on the single issue indicated.

---

[1] At the hearing, "proper records of counsel" may be submitted to the Court regarding this issue. *See Becton v. Barnett*, 920 F.2d 1190, 1195 (4th Cir. 1990).

**Conclusion**

For the reasons stated above, Respondent's [Docket Entry #165] motion for summary judgment is **DENIED** as to the issues regarding alleged ineffective assistance of defense counsel in failing to file a direct appeal. The remaining grounds asserted in the motion are held in abeyance.

An evidentiary hearing on the sole issue of whether the petitioner requested that an appeal be filed will be held within 60 days of the date of this Order so that Petitioner's appointed counsel will have adequate time to prepare. Petitioner is directed to bring to this hearing any and all supporting documentation he has in his possession regarding this issue. The Clerk is directed to appoint counsel for the Petitioner, pursuant to Rule 8(c) of the Rules Governing Section 2255 Cases, to represent Petitioner during this evidentiary hearing.

**IT IS SO ORDERED**.

Florence, South Carolina                                      s/ R. Bryan Harwell
November 29, 2007                                             R. Bryan Harwell
                                                              United States District Judge